IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Charles William Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-cv-00012-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Officer Trabue, Sgt. Navarez, and York County Detention Center, | ) ) ) | |
| Defendants. | | |

Plaintiff Charles William Johnson, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. By order filed May 1, 2023, Plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted; the court advised Plaintiff, however, that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days. (ECF No. 28). The court warned Plaintiff that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the magistrate judge would recommend that his case be dismissed. *Id.* at 6–7. After the 14-day deadline passed, Plaintiff filed an amended complaint (ECF No. 30) along with a motion seeking additional time to submit an amended complaint. (ECF No. 32). The magistrate judge graciously considered the untimely amended complaint but concluded that, like the original complaint, the amended complaint failed to state a claim upon which relief could be granted and, therefore, recommended dismissal of the case. (ECF No. 36).

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action without prejudice, without further leave to amend, and without issuance and service of process. (ECF No. 36 at 9). The Report notified Plaintiff of his right to file objections thereto, *id*. at 10, and was mailed to Plaintiff on June 7, 2023, at the address he provided to the court (ECF No. 37). After the time elapsed for Plaintiff to file objections to the Report, the court received a motion for an extension of time to object. (ECF No. 39). Though not obligated to do so, the court granted Plaintiff an extension of time to file objections by July 27, 2023. (ECF No. 40). This extended deadline has now long since expired without Plaintiff's having filed any objections to the Report.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead

2

must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 36), which is incorporated herein by reference.  Accordingly, Plaintiff's action is hereby **DISMISSED** without prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 12, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.